THOMPSON, Presiding Judge, dissenting.
This is a very complex and complicated divorce action. The record on appeal comprises 16 volumes plus a 157-page volume created on remand from our previous decision See Whaley v. Whaley, 218 So.3d 360 (Ala. Civ. App. 2016). At issue in the division of marital property between Kennon W. Whaley ("the husband") and Rhonda West Whaley ("the wife") were multiple companies and businesses. The trial court noted that, at the time of the trial, there were many "unknowns" regarding the status and value of a number of those businesses. The record reveals that the ownership interests of some of the businesses were being litigated in other courts while *397 this divorce action was pending. At least one other company, which the record shows had generated a high income for the parties, was the subject of bankruptcy proceedings. The operating agreements governing many of the businesses were not identical, and who had a membership interest in certain companies and businesses appears to have been in flux.
At the hearing on remand, the trial court noted that some of the difficulty involved in dividing the marital property was attributable to the fact that "basically nobody could testify as to what the actual value of most of these companies were." At the original trial, the parties disagreed as to whether certain businesses were earning income or had accrued equity that was subject to division under the operating agreements. On remand, the suggestion that a forensic accountant be hired to determine the value of the companies was rejected because the parties said that neither could afford the cost of hiring an accountant to perform such an undertaking. Accordingly, the trial court stated that it opted to divide certain of the parties' interests by awarding each party a percentage of those interests rather than awarding each party a specific monetary amount.
Further complicating matters, the evidence presented at the trial showed that the husband was under investigation by the Federal Bureau of Investigation while the divorce proceedings were underway. Ultimately, a federal grand jury indicted him for bankruptcy fraud. A copy of the indictment is included in the record. It appears from the record that many pertinent documents relating to the parties' business interests were seized during that investigation. At the hearing on remand, the trial court noted that, at that time, the husband was "incarcerated and, it looks like, will be for a period of time." The record indicates that the husband's conduct contributed to the decline in the parties' standard of living, including foreclosure on the marital residence. At the time of the foreclosure, more than $1 million was owed on the marital residence, and the parties' home-equity line of credit had a balance of $450,000.
Based on my review of the record and after considering the equitable considerations involved and the complexity of this matter, I believe that the trial court's judgment dividing the marital property and awarding the wife periodic alimony is supported by the evidence. Accordingly, I would affirm the judgment, including the award to the wife of an attorney fee, which the trial court found to be reasonable in light of the complexity of this case. Thus, I respectfully dissent from the main opinion.